IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marek Cortez Brewer,<br><br>                    Defendant,<br><br>v.<br><br>United States of America. | Criminal No. 3:22-cr-158-SAL<br>Civil No. 3:25-cv-2981-SAL<br><br>**OPINION AND ORDER** |

      This matter is before the court on Defendant Marek Cortez Brewer's motion to vacate under 28 U.S.C. § 2255. [ECF No. 80.] The Government opposes the motion and moves for summary judgment. [ECF No. 89.] For the reasons below, the court **DENIES** Brewer's motion to vacate as untimely.

## BACKGROUND

      In March 2022, Brewer was charged as the sole defendant in a four-count indictment with possessing a firearm after a prior felony conviction (Counts One and Four), possessing with intent to distribute marijuana and methamphetamine (Count Two), and possessing a firearm in furtherance of a drug trafficking crime (Count Three). [ECF No. 3.] On September 22, 2022, Brewer, represented by counsel, pleaded guilty to Counts One and Three pursuant to a plea agreement. [ECF No. 36, 37, 38.] And on January 18, 2023, Brewer was sentenced to a total term of 180 months' imprisonment, consisting of 120 months as to Count One and a consecutive 60 months as to Count Three to be followed by three years of supervised release. [ECF No. 58, 59, 60.]

      Brewer filed an appeal, which the Fourth Circuit of Appeals dismissed on June 15, 2023, citing Brewer's appeal waiver. [ECF No. 70.] Brewer did not petition for writ of certiorari to the Supreme Court.

In April 2025,[1] Brewer filed the present motion to vacate his conviction and sentence under § 2255. [ECF No. 80.] Brewer argues that his felon in possession conviction is invalid under the Second Amendment in light of the Supreme Court's decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), a case decided in June 2022. [ECF No. 80.]

The Government opposes § 2255 relief, arguing Brewer's motion is time-barred and, even if timely, lacks merit. [ECF No. 89.] Brewer did not respond.

## LEGAL STANDARDS

According to the Government, this case can be resolved without an evidentiary hearing. *See* ECF No. 89. "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). Accordingly, the court considers this matter using the summary judgment standard.

I.     **Summary Judgment**

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where

---

[1] Although Brewer's motion was received by the court on April 7, 2025, he states the motion was mailed on April 2, 2025. *See* ECF No. 80 at 5. The envelope containing Brewer's motion did not contain a prison mailroom stamp, making it unclear whether he mailed his motion through the prison mail system, which would entitle him to the benefit of the prison mailbox rule and the earlier filing date. *See Houston v. Lack*, 487 U.S. 266, 270–71, 276 (1988) (discussing the prison mailbox rule, whereby the date of filing is the date on which a prisoner places a document into the prison mail system). But as explained here, using either date, Brewer's motion is untimely.

resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

### II.     28 U.S.C. § 2255

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion under 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such a sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, however, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

The burden of showing a substantial constitutional deprivation is upon the petitioner in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69 (1938). Further, a petitioner must comply with the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which amended § 2255 to provide a one-year limitations period for the filing of § 2255 motions. *Hosey v. United States*, 518 F. Supp. 2d 732, 734 (D.S.C. 2007).

**DISCUSSION**

In this case, the one-year limitations period began when Brewer's judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).[2] The court entered judgment on January 23, 2023. But Brewer filed an appeal, so the judgment did not become final until September 14, 2023, ninety days after the Fourth Circuit's order dismissing his appeal was filed. *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The one-year limitations period began running the next day. Thus, to timely file his § 2255 motion, Brewer needed to file it on or before September 14, 2024.

Brewer did not file his motion until April 2025, more than six months after the statute of limitations expired. The Government argues Brewer's § 2255 motion is therefore time-barred and should be dismissed, and the court agrees. [ECF No. 89 at 4–5.] Brewer offers no explanation for the untimeliness of his motion and does not assert any basis for equitable tolling.[3]

---

[2] Under the statute, certain events could trigger the one-year statute of limitations, but none applies here. Notably, *Bruen* was decided before Brewer pleaded guilty, so the date of that decision cannot trigger a later statute of limitations period.

[3] The United States Supreme Court has recognized that the federal one-year statute of limitations can be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631 (2010); *see also Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) ("As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations."). In the Fourth Circuit, however, equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *Bogan v. South Carolina*, 204 F. App'x 160, 160 (4th Cir. 2006) (per curiam) ("Recourse to equitable tolling must be guarded and infrequent."). As a result, circumstances rarely warrant equitable tolling, and a petitioner bears the burden of proving his entitlement to the doctrine. *Harris*, 209 F.3d at 330. To satisfy the burden, a petitioner must show "(1) extraordinary circumstances, (2) beyond his control, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Brewer has not made that showing.

4

Based on the record before the court, Brewer's § 2255 motion is untimely, and the Government is entitled to summary judgment.

## CONCLUSION

Because Brewer's § 2255 motion is time-barred, it must be dismissed. This conclusion is evident as a matter of law from the motion and the files and records of the case. Accordingly, the court will grant summary judgment without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case establishes that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

Brewer's motion to vacate under 28 U.S.C. § 2255, ECF No. 80, is **DENIED**. It is further ordered that a certificate of appealability is denied as Brewer has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED.**

February 24, 2026                              Sherri A. Lydon
Columbia, South Carolina                   United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Brewer has not made the requisite showing.